**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Cr. No. 07-10 (RMU) |
| v. ) | |
| ) | |
| CARLITA JACKSON ) | |
| _____) | |

## DEFENDANT'S MEMORANDUM  IN AID OF SENTENCING

Defendant, Carlita Jackson, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32.  Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Ms. Jackson respectfully asks the Court to sentence her to time served followed by supervised release.

## BACKGROUND

On January 12, 2007, the government filed a one-count Information against Ms. Jackson. On March 8, 2007, Ms. Jackson pled guilty, in accordance with a written plea agreement, to the Information, which charged her with Bank Fraud in violation of 18 U.S.C. § 1344.  Ms. Jackson is scheduled to be sentenced before this Court on June 21, 2007, at 10:15 a.m.

## DISCUSSION

### I.     THE POST-BOOKER SENTENCING FRAMEWORK.

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing.  See 18 U.S.C. § 3553(a)(4)."  United States v. Booker, 543 U.S. 220, 264 (2005)

1

(Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in <u>Booker</u> held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to <u>Booker,</u> therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

      Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in <u>Booker</u>–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote
>
> respect for the law, and to provide just punishment for the
>
> offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the
> defendant; and
>
> (D) to provide the defendant with the needed educational
> and vocational training, medical care, or other correctional
> treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the <u>Booker</u> majority:

No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

[t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of <u>Booker</u>, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following <u>Booker</u> courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.[1]

## II. UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MS. JACKSON SHOULD RECEIVE A SENTENCE OF TIME SERVED

### A. Statutory Provisions

Pursuant to the applicable statute, the maximum term of imprisonment for the offense at issue is 30 years.

---

[1] Ms. Jackson objects to the government's assertion that a sentence within the guideline range is presumptively reasonable. Gov't Sent. Memo at 6, ¶ 9. The District Court has the responsibility to impose the lowest sentence possible, based upon the factors set forth in § 3553(a), that is sufficient but not greater than necessary. Whether that sentence is reasonable is a decision reserved for the appellate court. <u>See United States v. Bras</u>, 483 F.3d 103, 113 (D.C. Cir. 2007) ("Reasonableness, however, is the standard of *appellate* review"). In addition, the Supreme Court is currently considering this issue in <u>Gall v. U.S.</u>, Case No. 06-7949, and <u>Rita v. U.S.</u>, Case No. 06-5754.

B.    Advisory Sentencing Guidelines

_____(I).    *Applicable Guideline Range*

The probation office, consulting the 2006 edition of the United States Sentencing Guidelines, has concluded that the total offense level in this case is 9, and that Ms. Jackson's criminal history category is II, resulting in an advisory guideline range of 6-12 months.  This advisory sentence falls within Zone B of the guidelines.

C.    Section 3553 Factors

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar  records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

While Ms. Jackson in no way wishes to diminish the seriousness of the offense, she notes that it is neither a crime of violence nor a controlled substance offense.  She submits that the

nature of this offense does not warrant a sentence of further incarceration, for the Federal

Sentencing Scheme indicates that in sentencing, Courts should consider as a governing rationale

"the general appropriateness of imposing a sentence other than imprisonment in cases in which

the defendant has not been convicted of a crime of violence or otherwise serious offense."

Comment Note to 18 U.S.C. § 3551 (reciting legislative history of federal sentencing scheme)

(emphasis added).

*II. Characteristics of the Defendant*

Carlita Jackson is a warm, friendly, caring woman, which is remarkable considering the

circumstances under which she has grown up.  Carlita never knew her father, for he has been in

prison for her entire life.  Her mother was only 15 years old when she was born, so Carlita was

raised by her grandmother.  Though her grandmother provided for Carlita, her living situation

when she grew up was unstable.  Her uncle also lived with her grandmother, and he was a drug

user who was constantly stealing and disrupting the home.  In addition, Carlita's stepfather was

verbally and psychologically abusive toward her.  These are not ideal living conditions for a

child, and they no doubt contributed to Carlita's low self esteem and need for emotional support

that she has maintained throughout her entire life.

Despite her difficult upbringing, Carlita has managed to make some very positive moves.

She graduated from high school in 1996 and attended Gibb Tech Vocational school in Vienna for

one year.  She is a bright and cheerful person, which is why it comes as no surprise that, while

she was in school, she was recognized for achievement with numerous awards.  See PSR ¶ 43.  It

also comes as no surprise that she has been gainfully employed for her whole life.  She has been

in her current job as a clerical assistant for Child and Family Services for almost two years, and

she enjoys her work and the people she works with.

Though Carlita's positive attitude shines through, she still faces many hardships.  Most troubling to her is that she has become the primary caretaker for her family.  She lives with her grandmother and mother, as well as numerous other relatives, and because of her steady employment, she is responsible for the majority of the bills.  While she aspires to move out on her own and get her life situated, she feels burdened by her family and does not wish to abandon them.  This is a difficult position for a young 29-year old woman.  In addition, she has some significant health issues to deal with, which also contribute to her lack of confidence and self esteem.  See PSR ¶ 38.  Carlita is someone who has great potential but has been burdened by the obstacles in her life.  She recognizes that she is at a turning point and wishes to take this opportunity to improve her health and her living situation, as well as to comply with the Court's orders and get this offense behind her.

### III. Appropriate Sentence

A sentence of time served,[2] followed by a term of supervised release, is appropriate for Ms. Jackson.  In a case like this, it is helpful (albeit surprising) to turn to the words of United States Attorney Jeffrey Taylor, who, upon commenting to the Washington Post on the mis-steps of an attorney he hired, stated: "Sure, he's made some mistakes in judgment.  For gosh sakes, everybody deserves a second chance."  Carol Leonnig, *Hiring Process Was Bypassed for Prosecutor*, WASH. POST, May 8, 2007, at A4.  We wholeheartedly agree.  Ms. Jackson is someone who also deserves a second chance.

---

[2]     The time served referred to is the time Ms. Jackson spent being processed and booked by both the U.S. Marshals and the MPD.

First and foremost, the most important issue in this case is the money that was taken and the method by which it will be paid back.  The victim in this case, Michael Krier, has himself stated that he is more concerned with being reimbursed than having Ms. Jackson placed in custody.  PSR ¶ 11.  Ms. Jackson has demonstrated that she has stable employment, and because the probation office has determined that she is not a third party risk, PSR ¶ 45, she will be able to maintain that employment and make monthly restitution payments immediately.  Were she to be incarcerated, she would likely lose her job and would not be able to begin payments until she got out, thus hindering the victim's wishes and further expanding the time it will take to make the victim whole.

Second, Ms. Jackson immediately accepted responsibility in this case and has seen the error of her ways.  As the PSR states, Ms. Jackson was willing to begin paying Mr. Krier back even before she was charged in this case.  PSR ¶ 10.  She immediately accepted a plea and worked with the government to enter a pre-indictment plea.  In doing so, she made this process extremely easy for all parties involved by accepting responsibility early, waiving her right to an indictment and a jury trial, declining to file any motions, and fully cooperating with the government and the probation office.  She is someone who has stepped up to the plate and is willing to do what it takes to work through this.

Third, Ms. Jackson has significant financial and family responsibilities which will go unattended if she is not available.  She has two sons to whom she sends $300 per month.  She also takes care of the majority of the bills in her current household for her mother, grandmother, and various other relatives who live there.  While she does intend to begin breaking free of these obligations at home so that she can be on her own and spend more time with her sons, at the

7

present moment, her family depends on her for support.

With respect to Ms. Jackson's splotchy criminal past, the Court should keep in mind that her prior convictions are seven and eight years old. They occurred when she was only 21 and 22 years old. And the circumstances of the instant offense were quite different. As the Court will recall, Ms. Jackson had permission to be living in Mr. Krier's home, and he himself admitted that he owed her money for working for him, which is why her restitution was offset. PSR ¶ 11. Ms. Jackson acknowledges that what she did was wrong, but the facts of this case demonstrate that it was something that spiraled out of control, it was not a malicious act. As for the government's assertion that Ms. Jackson needs to be deterred, the Court should be mindful that a sentence of supervised release is no walk in the park. Should the Court impose this sentence, it is certain that Ms. Jackson will be kept under strict and constant watch, and the Court will no doubt inform her that one wrong step will land her behind bars. With Ms. Jackson's living situation as precarious as it is, this will no doubt be all the deterrence necessary to keep her in compliance and to keep her from re-offending.

The bottom line is this: Ms. Jackson sincerely regrets her actions. She has made some mis-steps in her life, but she has a good heart and is trying to walk down the right path. This is not a crime of violence, it is not a controlled substance offense, and it is not a case where further imprisonment is appropriate. It is a case where Carlita deserves a second chance.

The Court must impose a sentence that is sufficient but not greater than necessary, and in this situation, a sentence of time served with a term of supervised release will satisfy that requirement.

## **CONCLUSION**

_____For the reasons set forth above, as well as for any others the Court may deem fair and

reasonable, Ms. Jackson asks the Court to sentence her to time served. Such a sentence would be

sufficient, but not greater than necessary, to comply with the purposes of sentencing.

_____

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500 ext.126

9